**Frank Roswell MOORMAN, III, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25003.**

United States Court of Appeals Fifth Circuit.

Jan. 24, 1968.

O. H. Harris, Dallas, Tex., for appellant.

B. H. Timmins, Jr., Asst. U. S. Atty., Melvin M. Diggs, U. S. Atty., Dallas, Tex., for appellee.

Before MARIS,* THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Frank Roswell Moorman III was convicted by a jury on five counts of violating the Universal Military Training and Service Act. He was sentenced to serve five years concurrently on each count. Counts I, II and III charged him with failing to report for an armed forces physical examination on June 28, 1965, August 2, 1965 and July 5, 1966, respectively. Counts IV and V charged him with having failed to report for induction into the armed forces on August 22, 1966 and December 12, 1966, respectively.

On June 22, 1965, appellant's local board sent him an order to report for an armed forces physical examination in Dallas, Texas, on June 28, 1965, at 7 a. m. He failed to report but contacted the local board office on July 1, 1965, stating that he had arrived at 8 a. m. on the morning of June 28 for the physical examination and was too late to be examined. He was told his examination would be rescheduled.

On July 13, 1965, his local board sent him an order to report for a physical examination on August 2, 1965, at 7 a. m. Again, he failed to report. On August 2, 1965, he reported to the local board office at 9 a. m. and informed the assistant clerk that he could not make it before 9 o'clock. The clerk then arranged for appellant to be examined at 11 a. m., to which appellant agreed. However, at 11:25 a. m., appellant called the board and said he was too busy to appear for the physical on that date but that he could come in on Wednesday at 7 a. m. He was informed that a special day could not be set for him. He then informed the assistant clerk "he was not in the Army yet and could do what he pleased and that was just the way it was to be." On August 6, 1965, he appeared at the board office and informed the "person in charge" that "It was a great sacrifice to get up and come down to the Examining Station for his physical examination."

On June 14, 1966, the board sent him an order to appear for his physical examination on July 5, 1966, at 7 a. m. Again, he failed to report, as a result of which the board on July 11, 1966 mailed him a notice declaring him to be a delinquent for failure to report for the physical and directing him to report to the board immediately, informing him that wilful failure to perform this duty is a violation of the Universal Military Training and Service Act. On July 12, 1966, appellant returned the delinquency notice with an accompanying letter stating that he had not received the notice to report for the physical examination on July 5, 1966 because he had been away from Dallas at the time. He requested his name be removed from the delinquency list, but was informed by return letter of the board that this could not be done until he had fulfilled the obligation for which he had been declared delinquent.

On July 26, 1966, the board sent him an order to report for induction into the armed forces on August 22, 1966, at 7 a. m. He failed to report. However, on August 2, 1966, appellant wrote the board and returned the order to report for induction stating that he was actively engaged in the radio business and that he must have ample time to conclude and close out his business. By letter dated August 4, 1966, the board informed him that it did not feel his letter warranted reopening of his classification or cancelling the order of induction and that he would be expected to report on August 22, 1966. On August 18, 1966, appellant again wrote the board requesting a delay of induction because of the death of his mother on August 15, 1966. On August 18, 1966, the board wrote appellant informing him that his request for postponement had been denied. Despite the denial he failed to report on August 22, 1966, as ordered. On August 30, 1966, the United States Attorney for the Northern District of Texas was informed of appellant's failure to report for induction. However, on October 28, 1966, appellant made a personal visit to the board

* Of the Third Circuit, sitting by designation.

office and stated he would submit for induction on or later than November 10, 1966, if the United States Attorney would decline prosecution in his case. The United States Attorney accordingly declined prosecution.

On November 21, 1966, the board mailed appellant an order (by registered mail) to report for induction on December 12, 1966, at 6:30 a. m. The notice was returned to the board office stamped "Return to Writer—Reason Unclaimed."

On December 5, 1966, appellant brought to the board a copy of an indictment dated November 8, 1966 by the Tarrant County, Texas, State Criminal Court against appellant for violation of the check law over $50. At that time appellant also stated there was a registered letter at the Post Office and he wanted to know its contents. He was informed that the letter ordered him to report for induction on December 12, 1966, and he stated he planned to go by that day and pick it up. Nevertheless, on December 7, 1966, the registered letter was returned to the board and entry in the board's minutes states "Registered letter returned—refused by registrant."

I.

■ Appellant contends that Counts I, II and III of the indictment are fatally defective for failure to charge an offense against the United States. Though these counts assert that appellant violated the Universal Military Training and Service Act, the citation of the statute is to a violation in each instance of Title 18, U.S.C. § 462. This was an obvious error in the indictment which should have charged violations of 50 App. U.S.C. § 462. It is noted that Counts IV and V charge violations of 50 App. U.S.C. § 462. Rule 7(c) of Federal Rules of Criminal Procedure provides in part:

"Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

Defendant was in no way prejudiced by the erroneous citation since it is abundantly clear from each of the counts of the indictment that he was charged with a violation of the Universal Military Training and Service Act. See United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788 (1941).

II.

■ Appellant further contends that the evidence is insufficient to justify a conviction under Count I of the indictment. In Count I appellant testified that he arrived at the Examining Station for his physical on June 28, 1965, at 8 a. m., which was one hour late. Accordingly, he states that there was no criminal intent to violate the law and the proof is inadequate to justify a finding of guilty by the jury on this count. However, the question of intent is a matter for the jury to consider with all of the facts of the case, and we hold that the jury was fully justified in finding appellant guilty on Count I when all of the facts and circumstances (including evidence of numerous subsequent violations) are considered together. The law assumes every man to intend the natural consequences of his acts. See Cramer v. United States, 325 U.S. 1, 32, 65 S.Ct. 918, 933, 89 L.Ed. 1441 (1945). Evidence of subsequent acts of defendant may also show criminal intent. See United States v. Shoehr, 3 Cir., 1952, 196 F.2d 276, 282, 33 A.L.R.2d 836. It is obvious that appellant was openly flaunting orders of his board and had no intention of complying with them.

III.

■ Appellant makes the same contention with reference to the finding of guilty on Count II, that is, that the evidence was insufficient to justify the verdict. The order to report for a physical examination was sent by the board on July 13, 1965, requiring him to report for the physical examination on August 2, 1965. On July 30, 1965, he presented evidence to the board that he had been married after receiving the order. This placed him in category 4 of Class I-A.

However, appellant is in error when he contends that the board could not legally compel him to submit to a physical examination though he was now married. The order of call referred to in 32 C.F.R. 1631.7(a) applies only to registrants ordered to report for induction and is not applicable to an order to report for a physical examination. His failure to report for a physical examination on August 2, 1965, was, therefore, a violation of the Act for the circumstances did not justify his failing to report and the jury's verdict on this count was in keeping with the voluminous evidence of guilt.

### IV.

■ Appellant specifies as error his conviction on Counts I and II contending that the local board waived a declaration of delinquency as to the acts charged when it failed to declare appellant delinquent at the time the acts were committed, failed to advise appellant that the consequences of his acts were criminal prosecutions subject to imprisonment, and failed to give him an opportunity to rectify the acts of delinquency. There is no merit to any of these contentions. Counts I and II relate to the failure to report for a physical examination and a declaration of delinquency has no relevance thereto, and a delinquent registrant may be ordered to report for induction without undergoing a physical examination. See 32 C.F.R. 1642.13, 1631.7, 1628.10 and 1628.11. The printed form of order to report for a physical examination which was sent to appellant expressly states that failure to report subjects the registrant to fine and imprisonment under provisions of the Universal Military Training and Service Act. Appellant was given repeated opportunities to rectify his default in reporting for a physical examination but he was "too busy" to comply. The evidence was conclusive that he wilfully failed to report when ordered.

### V.

■ Appellant's last specification of error is a blanket assertion that the convictions as to all five counts should be reversed because the Government introduced into evidence information concerning a pending indictment against appellant, which evidence was prejudicial to the accused's rights. This contention refers to the reading into evidence by the local board's clerk of the Report of Oral Information dated December 5, 1966 by appellant to the board. The appellant himself, on this date, brought to the board a copy of his indictment by the Tarrant County, Texas, Criminal District Court for violation of the check law— over $50. The entry on that date also refers to the fact that registrant knew a registered letter was at the Post Office and he wanted to know its contents whereupon he was informed that it was a letter to report for induction and he stated he planned to go by that day and pick it up. No objection was made by appellant at the trial to the reading of this entry insofar as it related to the Texas State Court indictment for violation of the check law or in any other respect. The district judge in his charge to the jury said, "You are instructed that the Selective Service law and regulations nowhere make the mere fact of indictment for a crime a disqualification for military service. The question of whether or not there was an indictment pending against the defendant at the time alleged in any of the counts of the indictment was, therefore, legally irrelevant and is not to be considered by the jury." The trial judge thus felt compelled to instruct the jury that the fact of the State Court indictment was not a disqualification for military service and, therefore, not a defense in the trial.

In our view no prejudice resulted to appellant. It was he who brought the copy of the indictment to the local board, apparently feeling that it would give him some excuse for failing to report for induction. When the local board clerk testified, she was routinely reading from the draft board records all entries which related to the course of conduct of appellant from the date he received his first notice to report for a physical examination to the date he received his last notice to report for induction. Later, during the presentation of appellant's defense,

his counsel recalled the local board clerk as a witness in his behalf. She testified on direct examination by appellant's counsel to numerous details from the Selective Service file then in evidence and was specifically asked by appellant's counsel to read the Report of Oral Examination dated December 5, 1966 which contained the reference to registrant bringing a copy of the Tarrant County indictment for check law violation to the board office. Then, defense counsel attempted to have the witness respond to the question whether, if a person is charged by indictment for an offense, it has an effect on whether the individual would be inducted into the service. The court sustained an objection to the testimony, but the inference is clear that appellant himself caused the evidence about the State Court indictment to be repeated to the jury in order to show a possible defense to the pending charges. The question of the Texas Court indictment was a peripheral issue at best, resulting in no prejudice to appellant and was not even objected to at the time of trial; to the contrary, appellant attempted to use it to his own advantage. Cf. Leary v. United States, 5 Cir., 1967, 383 F.2d 851, 865.

The evidence abundantly sustains the jury's findings of guilty on all counts of the indictment. The jury's verdict must be sustained if supported by substantial evidence, viewed in light most favorable to the Government. Peters v. United States, 5 Cir., 1967, 376 F.2d 839. Substantial evidence is relevant evidence acceptable to a reasonable mind as adequate to support a conclusion. Pardo v. United States, 5 Cir., 1966, 369 F.2d 922. Appellant was given every opportunity to comply with the Selective Service law and failed on five separate occasions to report as ordered for physical examinations and finally for induction. The evidence shows that his excuses for failure to report were weak, unsupported and without merit.

The judgment of conviction is, therefore,

Affirmed.