UNITED STATES of America,
Appellee,

v.

John Matthew GLAVAN, Appellant.

No. 72–1263.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1972.

Decided Jan. 19, 1973.

Martha Goldin (argued), Alan Saltzman, of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

David H. Fox, Asst. U. S. Atty. (argued), Eric A. Nobles, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., for plaintiff-appellee.

Before CHAMBERS, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOY, GOODWIN and WALLACE, Circuit Judges.

Robert J. Milavetz, Minneapolis, Minn., for appellant.

Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, ROSS, Circuit Judge, and VAN PELT,* Senior District Judge.

VAN PELT, Senior District Judge.

Appellant was indicted in two counts charging 1) failure to report for an armed forces physical examination; and 2) failure to report for induction. He was tried without a jury following a plea of not guilty.

At trial, appellant attempted to establish as a defense that he was in fact a conscientious objector but had failed to apply for a conscientious objector exemption because the language in Selective Service forms 100 and 150 led him to believe that as a Catholic he was not qualified for such a classification. The prosecution introduced evidence showing that appellant had never requested any information from the Selective Service, or evidenced any interest in a conscientious objector classification. The prosecution also adduced from appellant testimony to the effect that he had long held the view that Catholics would not be eligible for a conscientious objector classi-

fication and that he had not actually seen a form 150 but rather had seen a list of questions purportedly taken from such a form.

The trial judge found appellant guilty on both counts, holding that "a unilateral, subjective, uncounselled misunderstanding of the Selective Service requirements and definitions is not a defense to a criminal prosecution for a violation of the Selective Service laws." Appellant was sentenced to two years imprisonment on count one and to two years probation on count two. On appeal appellant urges the trial court committed reversible error (1) in not allowing the defense of misleading information, and (2) in entering a judgment of guilty on the charge of failing to report for a physical examination. For the reasons stated below we affirm as to both counts.

## I. DEFENSE OF MISLEAD-ING INFORMATION

The trial court, relying on United States v. Powers, 413 F.2d 834 (1st Cir.) cert. denied, 396 U.S. 923, 90 S.Ct. 256 (1969), held that a registrant who claims to have been misled simply by the Selective Service form, into not seeking a conscientious objector classification, does not have a defense to a charge of failing to report for induction. Appellant argues that the proper legal standard is whether the registrant's reliance on the misleading information is reasonable.[1] Cf. United States v. Lansing, 424 F.2d 225 (9th Cir. 1970). We find no necessity for reaching this question, for the record shows that appellant was not in fact misled by the questions contained in the form 150. During counsel's examination of appellant the following occurred:

"Q. How did you get the opinion that you didn't think that the Catholic church applied, was that the basis of

---

* Senior District Judge for the District of Nebraska sitting by designation.

1. Appellant also insists that the fact that he never saw a form 150 is immaterial

since the list of questions from which he gained his impression was based on the actual language of the form.

what it said in the form or the basis of your understanding you received from others?

A. That was previous.

Q. When you saw the form, did the form do anything to you to change your opinion?

A. No.

Q. Did it reinforce your opinion?

A. I had a set opinion before I really answered the form—I had the opinion that said that the Catholic church could not be used as a basis previously. It had been set already, very strongly."

This is merely one of several occasions when appellant indicated that his misconception concerning eligibility for a conscientious objector classification was based on *his own prior opinion*.[2] Therefore, even if we were willing to adopt the rule suggested by appellant we would be constrained to hold that there had been a failure to prove that he was misled by the form.[3]

## II. FAILURE TO REPORT FOR PHYSICAL EXAMINATION

■ Appellant argues that as a conscientious objector he was not under a legal duty to obey an order to report for a physical examination and thus is entitled to reversal of his conviction for failing to report for such an examination. The law is settled that the order to report for a physical examination sent to a registrant classified I–O does not impose a duty required of him under the Selective Service Act and he cannot be prosecuted for failure to report for the examination. United States v.

Walsh, 279 F.Supp. 115 (D.Mass. 1968). However, this court has held that a registrant who is not classified I–O may not assert, as a defense to a charge of failing to appear to be physically examined, that his right to a I–O classification has been abridged. United States v. Dombrouski, 445 F.2d 1289 (8th Cir. 1971).[4]

■ Additionally, appellant argues that he should have been charged and convicted only of the failure to report for induction, on the ground that the order to report for induction cancelled the previous order to report for a physical examination. Under the authority of 32 C.F.R. § 1631.6 (1972), the Selective Service may, instead of prosecuting a registrant who has failed to report for a physical examination, presume that the registrant is physically acceptable and order his induction; in such an instance, a physical must be performed when he reports for induction. However, this does not mean that the order to report for physical examination is cancelled by a subsequent order to report for induction. Under Selective Service regulations the physical examination order is not cancelled in this manner and a registrant who does not report for such an examination is under a continuing duty to do so.[5] Nor is it impermissible for a defendant to be convicted both for failure to report for a physical examination and for failure to report for induction. 50 U.S.C. App. § 462 (1970); *cf.* Moorman v. United States, 389 F.2d 27 (5th Cir. 1968). Therefore, reversible error did not occur when the trial judge entered judgments of conviction on both counts.

---

2. In fact, appellant does not even testify that the form misled him into believing his preconceived opinion was correct.

3. In any event, assuming, *arguendo*, the forms were misleading, the record leaves in doubt the reasonableness of appellant's reliance.

4. The cases cited by appellant in support of his argument deal with instances of

the erroneous denial of a requested classification. *See, e. g.*, United States v. Hayden, 445 F.2d 1365 (9th Cir. 1971). The record in the instant case makes it clear that appellant never requested a conscientious objector classification.

5. 32 C.F.R. § 1628.10 (1972).