**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ignacio Estrada OLVERA, Defendant-Appellant.**

**No. 73-2712**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1973.

Certiorari Denied April 5, 1974.
See 94 S.Ct. 1625.

R. Norvell Graham, Jr., San Antonio, Tex., for defendant-appellant.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

The appellant was charged with possession of amphetamine, in violation of the Assimilative Crimes Act, 18 U.S.C. A. § 13, which made applicable the provisions of Art. 726d, Vernon's Ann.Penal Code of Texas. He entered a plea of guilty and was sentenced to two years' confinement.

There is a federal statute, 21 U.S.C.A. § 844(a), which is applicable to the offense. Violation of that statute is only a misdemeanor, and the maximum con-

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

finement under it is one year. The government concedes that the federal statute is controlling rather than the Assimilative Crimes Act and the Texas statute, violation of which is a felony.

The sentence must be vacated and the cause remanded for the entry of a new judgment imposing sentence under the federal statute. Hockenberry v. United States, 422 F.2d 171 (CA9, 1970); Dunaway v. United States, 170 F.2d 11 (CA10, 1948). *Cf.* Kniess v. United States, 413 F.2d 752 (CA9, 1969); Moorman v. United States, 389 F.2d 27 (CA5, 1968).

There is no merit to appellant's other claims.

Vacated and remanded.