**Murl RICHARD, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 91–1805.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1991.

Decided Jan. 6, 1992.

---

362

Court affirmed the conviction. *Richard v. State*, 286. Ark. 410, 691 S.W.2d 872 (1985). It later denied Richard's petition to proceed under Arkansas Rule of Criminal Procedure 37 based on ineffective assistance of trial counsel. Richard then filed for a writ of habeas -corpus in the federal district court.[1] Adopting the magistrate's recommendations,[2] the court denied Richard's request for relief. We affirm.

On appeal, Richard contends that he was denied due process and equal protection of the law because the state was allowed to amend the theory behind its prosecution during trial. Initially, the state charged Richard with aggravated robbery by the actual use of a deadly weapon. After it was discovered that the gun Richard used in the robbery was a toy, Richard argued the judge effectively amended the original information by informing the jury that they could convict Richard of aggravated robbery upon proof that he merely represented that he was armed with a deadly weapon. Under Arkansas state law, the offense of aggravated robbery requires the State to prove that the accused committed a robbery and was armed with a deadly weapon *or represented by word or conduct that he was so armed.* Ark.Stat.Ann. § 41–2102 (recodified at Ark.Code Ann. § 5–12–103) (1987). We agree with the Arkansas Supreme Court that the State's use of the wrong part of the statute in the information made little or no difference since the crime charged and the crime proved were virtually identical; both offenses are derived from the crime of robbery, which focuses on the injury or threat of injury to the victim. *See Jones v. State*, 275 Ark. 12, 627 S.W.2d 6 (1982) (upholding the trial court's use of an identical amendment where the gun used in an aggravated robbery was a BB gun). Thus, we find Richard was sufficiently informed of the specific crime with which he was charged to enable him to defend himself.

Timothy Murdock, Russellville, Ark., for appellant.

Pamela Rumpz, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

PER CURIAM.

Appellant Murl Richard was convicted of aggravated robbery with a deadly weapon and theft of property in Arkansas state court. He was sentenced as a habitual offender to consecutive terms of life and thirty years. The Arkansas Supreme

---

1. The Honorable Garnett Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas.

2. The Honorable John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas.

Richard maintains that his equal protection and due process rights were again violated when the court failed to instruct the jury that aggravated robbery requires that the victim appreciate the representation that the defendant was armed. This contention is clearly erroneous. The instruction here contained the elements—threat of physical harm and commission of robbery—which are present in the state's aggravated robbery statute. *See* Ark.Code Ann. § 5–12–103 (1987).

Finally, Richard's argument that he was deprived of a fair trial because the court did not allow the jury to determine if he should be tried as a habitual offender is equally without merit. States traditionally have been given broad discretion in dividing responsibility in criminal cases between judge and jury. *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Here, Arkansas law holds that determination of the number of prior convictions is a matter of law to be determined by the trial judge. *See Shockley v. State*, 282 Ark. 281, 668 S.W.2d 22 (1984).

Judgment affirmed.