**UNITED STATES of America**

**v.**

**Harry Lynn HALL, Appellant.**

**No. 92–7265.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 2, 1992.

Decided Nov. 12, 1992.

[redacted]

[redacted]

Daniel I. Siegel, Asst. Federal Public Defender, Harrisburg, Pa., for appellant.

Eric Pfisterer, Asst. U.S. Atty., Harrisburg, Pa., for appellee.

Before: SLOVITER, Chief Judge, STAPLETON and LAY *, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Chief Judge.

Harry Lynn Hall appeals his conviction for driving under the influence of alcohol at the Gettysburg National Military Park in violation of the Pennsylvania Vehicles Code, 75 Pa.Cons.Stat.Ann. § 3731 (Supp. 1992), through application of the Assimilative Crimes Act, 18 U.S.C. § 13 (1988) (ACA). Our review of the underlying legal issue is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 102 (3d Cir.1981).

## I.

### *Facts and Procedural History*

Hall was found guilty following a jury trial. Before sentence was imposed, he filed a motion for arrest of judgment pursuant to Fed.R.Crim.P. 34, arguing that the indictment failed to charge an offense and the court was without jurisdiction. Hall claimed that driving while intoxicated on lands under the jurisdiction of the National Park Service was already prohibited by a federal regulation, 36 C.F.R. § 4.23, and thus the ACA could not apply.

The district court rejected Hall's characterization of the issue as one going to jurisdiction, and rephrased it as whether Hall's conviction must be vacated because he was improperly charged under the ACA rather than the applicable federal regulation. The court concluded that Hall had waived any objections to the charge or the indictment by failing to raise them in a pretrial motion as required by Fed. R.Crim.P. 12(b). The district court denied the Rule 34 motion and imposed a sentence of 45 days imprisonment and a $300 fine.

Because the case was resolved on the procedural issue, the district court did not reach the merits of Hall's Rule 34 motion. Nonetheless, the court indicated that in its view the federal regulation in question was not an "enactment of Congress" and thus would not in any event have precluded the application of the Pennsylvania state statute through the ACA.

## II.

### *Discussion*

[redacted] We cannot resolve this appeal on the Rule 12(b)(2) ground deemed determinative by the district court. The Rule 34 motion for arrest of judgment was based on the assertion, *inter alia*, that the indictment did not charge an offense under the ACA. Inasmuch as Fed.R.Crim.P. 12(b)(2) expressly excludes such an objection from those that must be made prior to trial, the district court erred in failing to reach the merits of the Rule 34 motion. *See Finn v. United States*, 256 F.2d 304, 306 (4th Cir. 1958) (Rule 34 motion based on similar objection is proper vehicle to attack failure of

* Honorable Donald P. Lay, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

indictment to charge offense even where objection not raised before trial). We turn therefore to the merits.

■ Under the ACA, if conduct prohibited by state law occurs on federal land, the state criminal law is assimilated into federal law so long as that conduct is not already made punishable by any "enactment of Congress." 18 U.S.C. § 13(a). In other words, the ACA fills gaps in the law applicable to federal enclaves, ensures uniformity between criminal prohibitions applicable within the federal enclave and within the surrounding state, and provides residents of federal enclaves with the same protection as those outside its boundaries. *See United States v. Sharpnack*, 355 U.S. 286, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958); *United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir. 1982). It follows that if the conduct is already prohibited by federal law, a prosecution for a state law violation through application of the ACA is inappropriate. *See Williams v. United States*, 327 U.S. 711, 717, 66 S.Ct. 778, 781, 90 L.Ed. 962 (1946); *United States v. Patmore*, 475 F.2d 752, 753 (10th Cir.1973); *see also United States v. Altman*, 931 F.2d 898 (table), 1991 WL 67887, *3–4, 1991 U.S.App. LEXIS 8623, *3–4 (May 2, 1991) (9th Cir.1991) (California statute can be applied through ACA because it proscribes drunk driving which injures someone in contrast to federal prohibition of drunk driving); *Fields v. United States*, 438 F.2d 205, 208 (2d Cir.) (state battery statute applicable because conduct prohibited differs from that under federal assault statute), *cert. denied*, 403 U.S. 907, 91 S.Ct. 2214, 29 L.Ed.2d 684 (1971).

■ The indictment charged Hall with "driv[ing]" a motor vehicle upon a highway within [Gettysburg National Military] Park while under the influence of intoxicating liquor" in violation of 75 Pa.Cons.Stat.Ann. § 3731(a)(1),(4) through application of the ACA. Although no section of title 18 of the United States Code prohibits drunk driving, the operation of a vehicle while under the influence of alcohol within the boundaries of lands under the jurisdiction of the National Park Service is prohibited

under a federal regulation. *See* 36 C.F.R. § 4.23. Gettysburg National Military Park falls within that jurisdiction.

This court has not previously considered whether a federal regulation (as contrasted with a statute) operates as an "enactment of Congress" within the meaning of the ACA. We agree with those courts that have concluded that a federal regulation does qualify as "an enactment of Congress." *See, e.g., United States v. Palmer*, 956 F.2d 189, 190 (9th Cir.1992) (applying 36 C.F.R. § 4.23 instead of assimilating state drunk driving law); *United States v. Brotzman*, 708 F.Supp. 713, 715 (D.Md. 1989) ("[T]he regulations in question [36 C.F.R. § 4.2(a)] constitute specific 'enactments of Congress' that preclude application of the Assimilative Crimes Act."); *United States v. Adams*, 502 F.Supp. 21, 24 (S.D.Fla.1980) (GSA regulation covers same prohibited activity as state statute and thus ACA cannot apply).

It has been explained in *Adams* that regulations can be treated as enactments of Congress because they "have been promulgated pursuant to a specific congressional delegation." *Id.* at 25. As the same court stated, "[t]he fact that the federal proscription is embodied in a regulation rather than a statute does not mean that the government stands mute on the point." *Id.* at 24.

The district court in the instant case pointed to cases holding that the ACA applies notwithstanding an applicable regulation of the Uniform Code of Military Justice (UCMJ). *See, e.g., United States v. Walker*, 552 F.2d 566, 568 n. 3 (4th Cir.), *cert. denied*, 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116 (1977). We believe such cases are inapposite. Unlike federal regulations, which are provisions of general application and hence analogous to statutes, the UCMJ applies only to military personnel. *See United States v. Fulkerson*, 631 F.Supp. 319, 324 (D.Haw.1986). We are thus led to conclude that jurisdiction in this case should have been premised on the applicable CFR regulation rather than on the ACA.

■ The government argues that even if jurisdiction was mistakenly based on the ACA, no reversal is required as Hall requests. We agree. The erroneous citation of the ACA in the indictment, rather than the applicable federal regulation, is not necessarily fatal.

■ The citation of the wrong statute in an indictment is not grounds for reversal of a conviction unless the defendant was misled to his or her prejudice. *See* Fed. R.Crim.P. 7(c)(3). There is no prejudice from the citation to an inapplicable statute when the elements of the two crimes are the same and the defendant was adequately apprised of the charges. *See, e.g., Richard v. Lockhart*, 953 F.2d 361, 362 (8th Cir.1992) (no prejudice when crime charged and proved virtually identical); *United States v. Gordon*, 641 F.2d 1281, 1284 (9th Cir.) (indictment upheld if furnishes defendant with sufficient description to prepare defense), *cert. denied*, 454 U.S. 859, 102 S.Ct. 312, 70 L.Ed.2d 156 (1981); *United States v. Eucker*, 532 F.2d 249, 257 (2d Cir.) (sufficient if an indictment charges an offense even if an "inapposite statute is referred to therein"), *cert. denied*, 429 U.S. 822, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976).

This court had occasion to apply this general principle in *United States v. Catena*, 500 F.2d 1319 (3d Cir.), *cert. denied*, 419 U.S. 1047, 95 S.Ct. 621, 42 L.Ed.2d 641 (1974). The indictment charged a physician with fraudulently submitting false medicare claims to a person or officer in the civil service of the United States, or to any department or agency thereof, under 18 U.S.C. § 287. Although we found that the evidence did not support defendant's conviction under the charged statute since he had submitted the claims directly to private insurance carriers, we upheld his conviction under 18 U.S.C. § 2(b), which provides that one who causes any act to be done may be punished as a principal. We found that even though section 2(b) had not been referred to in the indictment, the indictment language had given the defendant sufficient notice of the charged crime.

In this case, the language of Hall's indictment was sufficient to charge a violation of 36 C.F.R. § 4.23, because that regulation and 75 Pa.Cons.Stat.Ann. § 3731 prohibit the same conduct. The federal regulation reads:

> Operating or being in actual physical control of a motor vehicle is prohibited while ... [u]nder the influence of alcohol ... to a degree that renders the operator incapable of safe operation....

36 C.F.R. § 4.23(a)(1). The Pennsylvania statute reads:

> A person shall not drive, operate or be in actual physical control of the movement of any vehicle while ... under the influence of alcohol to a degree which renders the person incapable of safe driving....

75 Pa.Cons.Stat.Ann. § 3731(a)(1).

This is not a case in which application of the ACA and the state law broadened the definition of a federal crime or resulted in punishment more severe than that available under federal law. *See, e.g., Palmer*, 956 F.2d at 191 (improper to invoke ACA to enhance punishment); *United States v. Olvera*, 488 F.2d 607 (5th Cir.1973) (remand for resentencing where federal misdemeanor statute applies and state felony statute was assimilated), *cert. dismissed*, 416 U.S. 917, 94 S.Ct. 1625, 40 L.Ed.2d 119 (1974).

Furthermore, the sentence imposed on Hall was not higher than that which could have been imposed had Hall been convicted under the CFR. Under 36 C.F.R. § 1.3, a violation of 36 C.F.R. § 4.23 is punishable by a fine not exceeding $500, or six months imprisonment, or both, plus costs. Hall was sentenced to 45 days imprisonment and a fine of $300. Thus, he can claim no prejudice. *See United States v. Brunson*, 549 F.2d 348, 351 n. 1 (5th Cir.) (no prejudice from mistaken citation of statute in indictment because penalty ranges the same), *cert. denied*, 434 U.S. 842, 98 S.Ct. 140, 54 L.Ed.2d 107 (1977); *cf. United States v. Bermingham*, 855 F.2d 925, 931 (2d Cir.1988) (unnecessary to resolve which Guideline applies where sentence imposed falls within both possibly applicable sentencing ranges). Accordingly, we see no need to remand for resentencing. *Contra United States v. Word*, 519 F.2d 612 (8th

**324**

Cir.), *cert. denied,* 423 U.S. 934, 96 S.Ct. 290, 46 L.Ed.2d 265 (1975).

### III.

### *Conclusion*

For the foregoing reasons, we will affirm the judgment of the district court.