[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2006
THOMAS K. KAHN
CLERK

No. 06-12550
Non-Argument Calendar

_____

D. C. Docket No. 05-00131-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRAXTON HAROLD YATES, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 22, 2006)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Braxton Harold Yates, III, appeals his sentence for driving under the

influence in the Gulf Islands National Seashore. He pleaded guilty to an offense under Florida law and was sentenced to 18 months of imprisonment. Yates argues that he should have been charged instead with a violation of a federal regulation, and his term of imprisonment should not exceed six months. 36 C.F.R. §§ 1.3(a), 4.23. The government agrees. We vacate Yates's sentence and remand for resentencing.

## I. BACKGROUND

On October 9, 2005, Yates was arrested for driving under the influence of alcohol in the Gulf Islands National Seashore, a federal enclave located in the State of Florida. A National Park Service ranger observed a white van in the park after the park had closed. The driver of the van was later identified as Yates. The ranger advised Yates and his companion that the park was closed, and noticed that Yates exhibited signs of intoxication. Yates consented to a search of his van, and the ranger found two empty bottles and one empty can of beer, along with four sealed cans and at least 13 sealed bottles. Yates then agreed to undergo a series of field sobriety maneuvers, during which the ranger observed numerous signs of impairment. Yates consented to a portable breath test, but failed to produce a sufficient volume of air to generate a reading. When Yates ignored two requests to put his hands behind his back, the ranger and an accompanying police officer

2

attempted to grab his arms. An extended struggle ensued before the two men were able to handcuff Yates. They transported Yates to jail, where he provided a breath sample that revealed a blood alcohol level between .156 and .159.

Yates was indicted under the Assimilative Crimes Act (the Act), 18 U.S.C. § 13, for violating Florida Statute 316.193(b). The Act provides for the assimilation of state law to federal enclaves when no "enactment of Congress" criminalizes an act proscribed by the law of the state in which the enclave is located. Although 36 C.F.R. section 4.23 criminalizes driving under the influence in national parks, the government argued that assimilation was proper because Florida law, unlike section 4.23, provides increased penalties for recidivist drunk drivers like Yates, who had been twice convicted of drunk driving. Yates acknowledged during his plea colloquy that, because this was his third conviction, his maximum possible sentence under Florida law was five years of imprisonment. He pleaded guilty to the lone count in the indictment and challenged neither the indictment nor the jurisdiction of the court during the proceedings.

Yates later filed a written objection to the pre-sentence investigation report, which stated that the maximum possible term of imprisonment for Yates was five years. Yates argued that the Act did not grant the court jurisdiction over a violation of Florida state law and, because section 4.23 controlled, his maximum

3

possible term of imprisonment was only six months. See 36 C.F.R. § 1.3(a). The government responded that the Act assimilated Florida law because Yates was charged not with driving under the influence, but with driving under the influence after having been convicted of that charge on two earlier occasions. The district court agreed with the government and imposed a sentence of 18 months of imprisonment.

Yates was imprisoned in June 2006. On September 22, 2006, Yates filed a motion for release on bond pending appeal. 18 U.S.C. § 3143(b)(B)(iv). He argued that there was a substantial likelihood this Court would find that the district court had jurisdiction only over a violation of section 4.23, and thus that his maximum possible term of imprisonment was six months. The district court granted the motion and ordered Yates released on December 15, 2006, six months after the date of his imprisonment, unless this Court issued a decision in the interim.

## II. STANDARD OF REVIEW

Whether a district court had subject matter jurisdiction under the Assimilative Crimes Act may be challenged at any time and is a question of law subject to de novo review. United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992).

4

## III. DISCUSSION

Yates argues that the Assimilative Crimes Act did not grant the district court jurisdiction over a violation of Florida law. The Act gives federal district courts jurisdiction over violations of state law when an enactment of Congress does not address the conduct in question:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). The government confesses error.

In making this confession, the government necessarily concedes two things. First, it concedes that section 4.23, a federal regulation, qualifies as an "enactment of Congress" within the meaning of the Act. If section 4.23 is not an "enactment of Congress" that proscribes the same conduct Florida Statute 316.193 proscribes, Florida law would have to be assimilated. This concession was understandable. Every court to have decided the issue has concluded that federal regulations are "enactment[s] of Congress" within the meaning of the Act. See United States v.

Fox, 60 F.3d 181 (4th Cir. 1995); United States v. Hall, 979 F.2d 320 (3rd Cir. 1992); United States v. Palmer, 956 F.2d 189 (9th Cir. 1992); cf. United States v. Brown, 364 F.3d 1266 (11th Cir. 2004).

Second, the government concedes what had been the point of contention in the district court: the increased penalties Florida provides for recidivist drunk driving do not mean Florida law punishes conduct different from the conduct proscribed by section 4.23. We agree. The Supreme Court of the United States has held that "the Act will not apply where both state and federal statutes seek to punish approximately the same wrongful behavior...or where differences amount only to those of name, definitional language, or punishment." United States v. Lewis, 523 U.S. 155, 165, 118 S. Ct. 1135, 1142 (1998). Section 4.23 provides for comprehensive and detailed regulation of drunk driving in national parks. It defines the offense, delineates the tests for impairment, and, in section 1.3, provides punishment. When federal statutes "reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue," such as "where Congress has covered the field with uniform federal legislation," assimilation is not proper. Id. at 164-65, 118 S. Ct. at 1141 (internal quote and citation omitted). Yates should have been charged with a violation of section 4.23.

## IV. CONCLUSION

Yates's sentence is vacated, and the matter is remanded to the district court for sentencing consistent with this opinion.

**VACATED and REMANDED.**