NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1786
_____

UNITED STATES OF AMERICA

v.

RUSS J. REGGIE,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 12-po-00014)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2014

Before:  HARDIMAN, SCIRICA, and ROTH, *Circuit Judges.*

(Filed: July 8, 2014)
_____

OPINION
_____

HARDIMAN, *Circuit Judge.*

Russ Reggie appeals his judgment of sentence after pleading guilty to two petty

offenses. His attorney has moved to withdraw pursuant to *Anders v. California*, 386 U.S.

738 (1967). For the reasons that follow, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

I

On November 1, 2011, a security officer at the Veterans Administration Medical Center in Wilkes-Barre, Pennsylvania, stopped Reggie after seeing him driving against the flow of traffic with his hazard lights flashing. When the officer approached, he smelled alcohol emanating from both Reggie and the car. The officer learned from a check of Reggie's driving history that his license had been suspended, and a search of the vehicle found 23 cans of opened and unopened beer and three knives with blades longer than three inches. Reggie failed three field sobriety tests and was admitted to the hospital for alcohol intoxication.

Reggie received five violation notices as a result of the stop. On November 6, 2012, he pleaded guilty to operating a vehicle under the influence of alcoholic beverages, 38 C.F.R § 1.218(b)(15); and driving with a suspended license, 18 U.S.C. § 13, ref. 75 Pa. Cons. Stat. § 1543(a). Reggie faced a maximum six-month prison term and a $5,000 fine. However, at sentencing, counsel for both sides recommended probation, noting Reggie's status as an honorably discharged Vietnam veteran who later suffered combat-related issues. Reggie's attorney also spoke of Reggie's limited criminal record and the fact that Reggie was homeless and living in his vehicle at the time of the incident in question, having lost his trailer and suffered an injury due to hurricane-related flooding in September 2011.

The District Court praised Reggie for his military service and complimented him on his efforts to get his life back on track. However, the District Court also observed that most of the other offenses on Reggie's record involved alcohol and warned him about the dangers of drinking and driving. The District Court then sentenced Reggie to one year of probation, a $200 fine, a special assessment of $20, and a $50 processing fee.

Reggie filed a pro se notice of appeal on March 18, 2013. His counsel moved to withdraw pursuant to *Anders*. Reggie has not filed a pro se brief.[1]

II

Under *Anders* we ask whether: (1) counsel has adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a) and (2) an independent examination of the record reveals any nonfrivolous issues. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (citing *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)).

The first prong of the *Anders* test requires counsel to analyze the record, ascertain that no nonfrivolous issues exist for review, and ask permission to withdraw. *Youla*, 241 F.3d at 300. The motion to withdraw must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. The brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." *Youla*, 241 F.3d at 300.

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

3

Reggie's counsel identifies three potential issues for appeal: (1) the District Court's jurisdiction to accept the guilty plea; (2) the guilty plea's validity in light of controlling constitutional and statutory standards; and (3) the procedural and substantive reasonableness of the sentence. Counsel's discussion of the reasons why no appealable issue exists satisfies *Anders*'s first prong. Our independent review of the record also confirms counsel's conclusion that there are no nonfrivolous issues for appeal, as explained below.

## III

The first potential issue involves the District Court's jurisdiction over the case. Under 18 U.S.C. § 3231, district courts have original jurisdiction over all offenses against the laws of the United States. Reggie was charged with and pleaded guilty to operating a vehicle under the influence of alcohol, in violation of 38 C.F.R. § 1.218(a)(7) and (b)(15), a federal regulation, and driving with a suspended license, in violation of 75 Pa. Cons. Stat. § 1543, a state-law crime punishable in federal court under the Assimilative Crimes Act, 18 U.S.C. § 13. "Under the ACA, if conduct prohibited under state law occurs on federal land"—such as a Veterans Administration facility—"the state criminal law is assimilated into federal law so long as that conduct is not already made punishable by any 'enactment of Congress.'" *United States v. Hall*, 979 F.2d 320, 322 (3d Cir. 1992) (quoting 18 U.S.C. § 13). In this way, the ACA "ensures uniformity between criminal prohibitions applicable within the federal enclave and within the surrounding state." *Id*. Here, there is no argument that driving with a suspended license is punishable by an act of Congress. Consequently, federal jurisdiction was proper.

4

The second argument is that Reggie's guilty plea was not valid. To be valid, a guilty plea must be knowing and voluntary, in accordance with the standards elucidated in *Boykin v. Alabama*, 395 U.S. 238 (1969), and Rule 11 of the Federal Rules of Criminal Procedure. *Boykin* requires the trial judge to conduct an on-the-record colloquy with the defendant to ensure he is aware of the important constitutional rights he waives by pleading guilty, including the Fifth Amendment privilege against self-incrimination, the right to trial by jury, and the right to confront his accusers. 395 U.S. at 243. Rule 11 sets forth specific requirements for the colloquy a district court must conduct before accepting a guilty plea. The court must determine the factual basis for a plea, "inform the defendant of, and determine that the defendant understands" a list of rights he possesses, the nature of the crimes he is charged with, and potential consequences of pleading guilty, and ensure the plea is knowing and voluntary. Fed. R. Crim. P. 11.

Here, our independent review of the plea colloquy confirms that it was routine in every respect, and there is no indication that Reggie's plea was not knowing and voluntary. In addition, as his counsel noted, Reggie has not moved to withdraw the plea or indicated that he wishes to withdraw it. The District Court properly accepted the guilty plea.

The final issue the *Anders* brief raises is the reasonableness of Reggie's sentence. As the District Court noted at the plea colloquy, Reggie pleaded guilty to petty offenses not covered by the U.S. Sentencing Guideline; they carried a maximum of six months in jail and a $5,000 fine. The District Court thoughtfully weighed Reggie's record and personal history and imposed a sentence well below that—a sentence that also took into

5

consideration Reggie's apparent struggles with alcohol in an effort to help him improve his life. In addition, the $200 fine was mandatory under Pennsylvania law. The sentence was plainly reasonable.

* * *

Having independently reviewed the record, we find no meritorious issues for appeal. For the reasons above, we will affirm the judgment of the District Court and grant counsel's motion to withdraw.