UNITED STATES of America,
Plaintiff–Appellee,

v.

Billy Lee KAUFMAN,
Defendant–Appellant.

No. 88–3042.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1988.

Decided Dec. 1, 1988.

As Amended on Denial of Rehearing
Feb. 28, 1989.

Paul S. Petterson, Assistant Federal Public Defender, Portland, Or., for defendant-appellant.

William W. Youngman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before BROWNING, TANG and FARRIS, Circuit Judges.

**PER CURIAM:**

Jack Hale, a Bureau of Indian Affairs Security Officer, intervened in an altercation at the Chemawa Indian School construction site, which is within a federal enclave. Kaufman approached Hale with a pistol protruding from his pocket. Hale told Kaufman not to touch the gun, but Kaufman took it from his pocket and extended it toward the officer. Kaufman testified he offered the gun with the muzzle pointed toward the ground, but Hale testified the barrel of the gun was "coming up toward me" and was pointed at the lower portions of his body. Hale drew his own weapon. He then seized Kaufman's pistol, which proved to be unloaded, and arrested him.

Kaufman was convicted of violating the Assimilative Crimes Act, 18 U.S.C. § 13, by purposefully pointing a pistol at Hale in violation of Or.Rev.Stat. 166.190. Kaufman claims the Assimilative Crimes Act did not incorporate Or.Rev.Stat. 166.190 because his alleged conduct was made penal by federal statutes and regulations. He also challenges the sufficiency of the evidence and the legality of his sentence. We affirm the judgment, but remand the sentence for amendment.

### I

The Assimilative Crimes Act provides:

> Whoever [within a federal enclave] ... is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated, by the laws thereof ..., shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13. The act was intended to incorporate state law to fill "gaps" in the criminal law otherwise applicable to federal enclaves. *United States v. Best*, 573 F.2d 1095, 1098 (9th Cir.1978). A state criminal statute is not assimilated, however, when the precise conduct it prohibits is made penal by federal law—there is then no gap in federal law for the state statute to fill. *See Williams v. United States*, 327 U.S. 711, 717, 66 S.Ct. 778, 781, 90 L.Ed. 962 (1946).

In *United States v. Smith*, 574 F.2d 988 (9th Cir.1978), male inmates at a federal penitentiary were charged with committing forcible acts of sodomy upon another male prisoner. Despite the existence of a federal rape statute, we affirmed their convictions under the Assimilative Crimes Act by application of a state statute which specifically made acts of sodomy penal. We reasoned that "the act of rape is not, for federal purposes, generally the same as the acts of sodomy committed here." *Id.* at 990. *See also United States v. Butler*, 541 F.2d 730, 736 (8th Cir.1976) ("receipt" of gun is same generic conduct as "acquisition and possession" of gun); *United States v. Brown*, 608 F.2d 551, 554 (5th Cir.1979) (injury to child not same precise act as assault); *Fields v. United States*, 438 F.2d 205, 208 (2d Cir.1971) (battery not same precise act as assault); *Hibbard v. Gladden*, 368 F.2d 311, 311 (9th Cir.1966) (per curiam) (noting difference under Oregon law between felony of assault with a dangerous weapon and misdemeanor of pointing a gun).

Or.Rev.Stat. 166.190 provides a penalty for "[a]ny person ... who, with or without malice, purposely points or aims any loaded or empty ... firearm, at or toward any other person within range of the firearm, except in self-defense...." Kaufman argues this statute may not be applied because the conduct it prohibits is also prohibited by certain federal regulations [1] and statutes.[2]

---

1. 41 CFR § 101.20.313 (1987), which provides: "No person entering or while on [GSA-controlled] property shall carry or possess firearms....";

   41 CFR § 101.20.305 (1987), which prohibits: Any loitering, disorderly conduct, or other conduct on [GSA-controlled] property which creates loud or unusual noise or a nuisance; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; or which prevents the general public

Or.Rev.Stat. 166.190 reaches different conduct than that made penal by any of these federal laws: simply put, a law prohibiting *pointing* an unloaded gun is directed at different generic conduct than a statute penalizing *possessing* an unloaded gun, disorderly conduct, assault, or disobeying federal officers. Although Kaufman could conceivably have been convicted under a federal statute, *e.g.*, 18 U.S.C. §§ 111, 113, 1114, the use of the Assimilative Crimes Act was appropriate since the federal statutes do not punish the precise acts upon which the state law conviction depends. *Williams*, 327 U.S. at 717, 66 S.Ct. at 781. Accordingly, the district court properly refused to dismiss the information.

## II

Kaufman attacks the sufficiency of the evidence, claiming there was no proof he "purposely" pointed the gun at Hale.

Or.Rev.Stat. 166.190 applies to anyone who "with or without malice, purposely" points an unloaded gun at another. Oregon courts define the offense as "the act of purposely pointing the gun, regardless of what the intention of the one doing the pointing may thereafter be." *State v. Bartolon*, 8 Or.App. 538, 549, 495 P.2d 772, 777 (1972) (construing predecessor to Or.Rev. Stat. 166.190); *see also Rose v. Gladden*, 241 Or. 202, 206, 405 P.2d 543, 545 (1965) ("the state need not prove that the weapon was pointed with a specific intent to put the victim in fear") (construing predecessor to Or.Rev.Stat. 166.190).

■ Hale's testimony that Kaufman pointed the gun at him was sufficient evidence for the trier of fact to conclude beyond a reasonable doubt that Kaufman acted "purposely" within the meaning of Or. Rev.Stat. 166.190 as interpreted by the

Oregon courts. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

■ Kaufman also attacks Hale's credibility, but the credibility of witnesses is not reviewable on appeal. *United States v. Vaccaro*, 816 F.2d 443, 454 (9th Cir.1987).

## III

The district court orally sentenced Kaufman to a suspended fine of $250 and two years unsupervised probation. The written judgment filed later added a $25 assessment pursuant to 18 U.S.C. § 3013, which exacts money from federal misdemeanants and felons to fund victim compensation programs.

Kaufman contends, and the government concedes, that imposition of the assessment was illegal because the sentence as pronounced by the judge in the presence of the defendant did not include it, and the oral sentence controls the written judgment. *See United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir.1988).

■■ We agree with Kaufman that in any event the district court lacked authority to impose the assessment. Generally in an assimilative crime case, the court must impose the penalty provided by the state for the assimilated offense. *Smith*, 574 F.2d at 992; *United States v. Binder*, 769 F.2d 595, 600 (9th Cir.1985). However, § 18 U.S.C. § 3013(d) requires imposition of an assessment under § 3013(a) in an assimilative crime case if the offense is at least as culpable as a misdemeanor. *See* H.R. Rep. No. 390, 100th Cong., 1st Sess. 4, *reprinted in* 1987 U.S. Code Cong. & Admin. News 2137, 2140. No assessment may be imposed for conduct less culpable than a misdemeanor. *Cf.* 18 U.S.C. § 3559(a)(1)(I) (defining "infraction"). Violation of Or.Rev.Stat.

from obtaining the administrative services provided on the property in a timely manner....;

and 41 CFR § 101.20.304 (1987), which provides:

Persons in and on [GSA-controlled] property shall at all times comply with official signs of a prohibitory, regulatory, or directory nature and with the lawful direction of Federal Pro-

tective Officers and other authorized individuals.

**2.** 18 U.S.C. § 113(e), which prohibits simple assault in federal enclaves, and 18 U.S.C. §§ 111, 1114, which make penal the assault or intimidation of certain federal officers and employees including "any ... employee of ... the Department of Interior ... assigned to perform ... law enforcement functions...."

166.190 is normally a misdemeanor since that section provides a maximum penalty of six-months imprisonment. Or.Rev.Stat. 166.190; Or.Rev.Stat. 161.545. However, Or.Rev.Stat. 161.565(2)[3] allows the court to treat the offense as a "violation" if the prosecutor does not object, and in this case the court granted Kaufman's unopposed motion to reduce the charge to a "violation." Accordingly, no assessment under 18 U.S.C. § 3013 may be imposed.[4]

The judgment of conviction is AFFIRMED, but is REMANDED with directions to amend the sentence to delete the assessment under 18 U.S.C. § 3013.

---

3. This statute provides: "Upon appearance of the defendant upon any misdemeanor charge ... the court may declare on the record its intention, absent objection by the district attorney, to treat the offense in the case as a violation...."

4. Moreover, after this decision was initially filed, another panel of this court declared 18 U.S.C. § 3013 unconstitutional. *See United States v. Munoz-Flores*, 863 F.2d 654, 661 (9th Cir.1988).