**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Howard PALMER,
Defendant–Appellant.**

**No. 90–10630.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 1991.*

Opinion Filed Sept. 11, 1991.

Opinion Withdrawn Jan. 31, 1992.

Opinion Filed Jan. 31, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Marc C. Ament, Asst. Federal Public Defender, Fresno, Cal., for defendant-appellant.

Jonathan B. Conklin, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before BROWNING, FARRIS and LEAVY, Circuit Judges.

## ORDER

The opinion filed September 11, 1991, is withdrawn and the attached opinion is ordered filed. The petition for rehearing filed October 31, 1991, is denied as moot.

## OPINION

FARRIS, Circuit Judge:

Michael Howard Palmer appeals his conviction for driving in Yosemite National Park while under the influence of alcohol, with three or more prior convictions, in violation of the Assimilative Crimes Act, 18 U.S.C. § 13(a), and California Vehicle Code §§ 23152 and 23175. Because assimilation of California state law was improper, we remand for resentencing.

## Background

On May 18, 1990, Palmer drove a pickup truck in Yosemite National Park while under the influence of alcohol. Palmer had been convicted in California of drunk driving on three previous occasions within a seven year period.

California Vehicle Code § 23152 makes it unlawful to drive a motor vehicle while under the influence of alcohol. The California Vehicle Code sets forth, under separate provisions, the applicable punishment for successive violations of section 23152. Section 23175 specifies that a person convicted of three or more section 23152 violations within a seven year period "shall be punished by imprisonment ... for not less than 180 days nor more than one year, and by a fine of not less than three hundred ninety dollars nor more than one thousand dollars ... [and the] privilege to operate a motor vehicle shall be revoked."

Pursuant to its authority under 16 U.S.C. § 3, the National Park Service has set forth regulations governing vehicular traffic in the nation's parks. The regulations incorporate all state traffic and vehicle laws except those "specifically addressed" in the regulations. *See* 36 C.F.R. § 4.2. 36 C.F.R. § 4.23 specifies the basic drunk driving law for national parks. The regulation provides in pertinent part:

(a) Operating ... a motor vehicle is prohibited while:

(1) Under the influence of alcohol, ... or

(2) The alcohol concentration in the operator's blood or breath is 0.10 grams.... *Provided however,* that if State law that applies to operating a motor vehicle while under the influence of alcohol establishes more restrictive limits of alcohol concentration in the operator's blood or breath, those limits supersede the limits specified in this paragraph.

The penalty for violating the National Park drunk driving regulation is a maximum of

six months incarceration and a $500 fine. 36 C.F.R. § 1.3(a).

The federal government elected to prosecute Palmer under the California law applicable to repeat drunk driving offenders, via the Assimilative Crimes Act, rather than under the National Park Service regulations. The district court found Palmer guilty and, in accordance with California law, sentenced him to 12 months imprisonment and one year of probation.

### Discussion

The Assimilative Crimes Act provides:

(a) Whoever within [a federal enclave] ... is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of like offense and subject to a like punishment.

(b) For purposes of subsection (a) ... that which may or shall be imposed through judicial ... action under the law of State ... for a conviction for operating a motor vehicle under the influence of a drug or alcohol, shall be considered to be a punishment provided by that law.

18 U.S.C. § 13.

■ The purpose of the Assimilative Crimes Act is to conform the criminal law of federal enclaves to that of the local law except in those instances in which a specific federal crime has been set forth. *United States v. Best*, 573 F.2d 1095, 1098 (9th Cir.1978). Although we interpret the Act broadly to assimilate a state criminal statute unless "the precise conduct it prohibits is made penal by federal law," *United States v. Kaufman*, 862 F.2d 236, 237 (9th Cir.1988), the Act does not "serve as a vehicle under which a state statute affixing punishment ... [may] lessen or enlarge a

federal penal offense." *Shirley v. United States*, 554 F.2d 767, 769 (6th Cir.1977).

■ In the instant case, state law has not been assimilated to prohibit conduct unaddressed by federal authority. Rather, state law has been adopted to increase the punishment for an act proscribed by federal law. 36 C.F.R. § 4.23 specifies the law of drunk driving within the jurisdiction of the national parks. The regulation adopts state law for purposes of determining intoxication, but does not incorporate state law regarding the punishment of repeat offenders. That state laws were contemplated by the regulation, but only partially adopted, weighs against further incorporation via the Assimilative Crimes Act. To require the federal regulation to negatively preempt potentially applicable state law would constitute an unduly expansive interpretation of the Assimilative Crimes Act.

The government argues that driving while intoxicated after having been convicted of drunk driving on three prior occasions is a more specific form of conduct than that covered by the general park regulation. We understand but reject the argument. The conduct is driving while intoxicated. The California statutory scheme does not construe driving while intoxicated with prior convictions to be a distinct crime. The underlying crime remains a section 23152 violation. The California Vehicle Code merely adopts a progressive punishment schedule. Because the conduct at issue, driving in the nation's parks while intoxicated, is prohibited by federal law, the Assimilative Crimes Act may not be used to vary the prescribed federal punishment.[1]

### Conclusion

The Assimilative Crimes Act was invoked improperly to impose punishment exceeding that authorized under federal penal law. As the Supreme Court noted in *Williams v. United States*, 327 U.S. 711,

---

1. Paragraph (b) of the Assimilative Crimes Act applies only if state criminal law is applicable under part (a). Even if we held 36 C.F.R. § 4.23 did not prohibit the same conduct as California's drunk driving statutes, the Assimilative Crimes Act would not necessarily apply. Where

no National Park Service regulation "specifically addresse[s]" the issue, the National Park Service has adopted state traffic and vehicle laws as if they were National Park Service regulations. *See* 36 C.F.R. § 4.2; 52 Fed.Reg. 10670, 10678 (April 2, 1987).

66 S.Ct. 778, 90 L.Ed. 962 (1946), "[i]f [the federal agency] had been satisfied to … apply local law to this and related offenses it would have been simple for it to have left the offense to the Assimilative Crimes Act." *Id.* at 724, 66 S.Ct. at 784. The National Park Service has chosen to regulate drunk driving in the nation's parks and has neither incorporated state law regarding the punishment of repeat offenders nor developed a progressive punishment schedule. While we recognize that sound policy dictates that habitual drunk drivers be treated differently than first time offenders, the implementation of such common-sense measures must be left either to the Park Service or to Congress.

REMANDED. The mandate shall issue forthwith.