983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene A. ALTMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-15160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1992.*
Decided Jan. 15, 1993.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 While on vacation in Sequoia National Park, Altman drove his rented Cadillac across the center lane and struck another car. Four people were injured as a result of the collision: a passenger in Altman's car, two passengers in the other car, and Altman himself.
 
 
 3
 Following an indictment by a federal grand jury, Altman pleaded guilty to one count of causing bodily injury while driving a vehicle under the influence of alcohol in violation of Cal.Veh.Code § 23153(a) incorporated into federal law via the Assimilative Crimes Act, 18 U.S.C. § 13(a). Subsequently, the district court denied his "motion to restrict classification of offense and maximum penalty."
 
 
 4
 Altman appealed, arguing that the California statute could not be assimilated because a federal regulation, 36 C.F.R. § 4.23, prohibits the same conduct. A panel of this court affirmed his conviction, holding that because "Congress has neither proscribed the specific acts committed by [this defendant] nor the generic conduct in which [he] engaged in such a way as to indicate an intent to '[cover] the field with uniform federal legislation,' " it was proper for the district court to use the Assimilative Crimes Act to incorporate Cal.Veh.Code § 23153(a). United States v. Altman, No. 90-10291 (May 2, 1991) (per curiam) (quoting United States v. Smith, 574 F.2d 988, 990 (9th Cir.), cert. denied, 439 U.S. 852 (1978)).
 
 
 5
 Altman then filed a section 2255 motion to vacate. The district court denied his motion, citing this court's decision on the direct appeal. This appeal followed.
 
 
 6
 Altman contends that the district court did not have jurisdiction under the Assimilative Crimes Act because the precise conduct prohibited by Cal.Veh.Code § 23153(a) is made penal by 36 C.F.R. § 4.23, leaving "no gap in federal law for the state statute to fill." See United States v. Kaufman, 862 F.2d 236, 237 (9th Cir.1989) (per curiam). However, on direct appeal, this court explicitly held that 36 C.F.R. § 4.23 "does not address the generic conduct, or the precise act, of drunk driving which results in injury." The government asserts that the earlier decision on appeal established the law of the case. However, a habeas action is a separate civil action to which the law of the case doctrine has no applicability. Similarly, the inapplicability of res judicata to habeas is "inherent in the very role and function of the writ" because "conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." Sanders v. United States, 373 U.S. 1, 8 (1963).
 
 
 7
 "Nevertheless, when a federal prisoner presents a claim in a § 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ." Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992) (considering the effect on postconviction relief of rejection of same claim on direct appeal). We may refuse to entertain Altman's petition absent a showing of manifest injustice or a change in the law. Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976). Altman does not argue that his sentence was manifestly injust; rather he contends that this court's decision in United States v. Palmer, 956 F.2d 189 (9th Cir.1992), rendered subsequent to his direct appeal, is controlling authority to the contrary.
 
 
 8
 However, nothing in Palmer itself says that "drunk driving which results in injury" is not more specific conduct than "drunk driving." Rather, the defendant in that case was convicted under Cal.Veh.Code § 23152 which, by its own terms, prohibits exactly the same conduct as 36 C.F.R. § 4.23--drunk driving--and no more. Altman pleaded guilty to drunk driving resulting in injury in a violation of section 23153(a), a section of the California Vehicle Code which has no parallel federal regulation. We indicated in Palmer that if California had made the specific conduct at issue in that case a distinct crime, as California has done in section 23153(a) in this case, the Assimilative Crimes Act might be properly invoked. See id. at 191.
 
 
 9
 In fact, the centerpiece of Altman's attack on his conviction is not Palmer but Wilkoff v. Superior Court, 696 P.2d 134, 139 (Cal.1985). However, Wilkoff was decided by the California Supreme Court in 1985. Altman has already had the opportunity to persuade both the district court and this court that Wilkoff mandates the conclusion that "drunk driving which results in injury" is precisely the same conduct as "drunk driving" but has failed to do so.
 
 
 10
 Altman has not demonstrated that Palmer represents a change in the law. To the contrary, Palmer merely reaffirms the principle, first espoused by the Supreme Court in 1946, that "Congress did not intend that the Assimilative Crimes Act serve as a vehicle under which a state statute affixing punishment ... could lessen or enlarge a federal penal offense." Williams v. United States, 327 U.S. 711, 718-22 (1946). Moreover, Altman has failed to demonstrate manifest injustice. Thus, we exercise our discretion to refuse to revisit an issue that we have already addressed on direct appeal.
 
 
 11
 AFFIRMED.
 
 RYMER, Circuit Judge, dissenting:
 
 12
 I part company with my colleagues because I cannot distinguish Wilkoff v. Superior Court, 696 P.2d 134 (Cal.1985) in light of United States v. Palmer, 956 F.2d 189 (9th Cir.1992). In Palmer we said that state law could not be assimilated to increase the punishment for an act proscribed by federal law. Id. at 191. The California Supreme Court held in Wilkoff that the only significance of bodily injury is to aggravate the offense from a misdemeanor to a felony. 696 P.2d at 139. Because Wilkoff did not become significant until Palmer separated state law determining intoxication from state law regarding punishment, I cannot agree that it matters whether Altman has failed to convince a federal court before "that Wilkoff mandates the conclusion that 'drunk driving which results in injury' is precisely the same conduct as 'drunk driving.' " I therefore dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3