24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Paul GOLLER, Defendant-Appellant.
 No. 93-30181.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 5, 1994.
 
 Before: WRIGHT, SCHROEDER and BRUNETTI, Circuit Judges.
 MEMORANDUM**
 A jury convicted Goller for conspiracy to distribute cocaine and possession with intent to distribute cocaine. The judge sentenced him to a 70-month term, which included a two-level enhancement under U.S.S.G. Sec. 3C1.1 for obstruction of justice for giving perjured testimony. Goller appeals the conviction and sentence. We affirm.
 
 I.
 
 1
 Goller first argues that the court erred when it enhanced his sentence under Sec. 3C1.1 for perjury. He asserts that the principal witness who contradicted his testimony was unreliable because of her substance abuse problem, and because her testimony conflicted with some extrinsic evidence. We review for clear error the court's factual determination that appellant obstructed justice. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991).
 
 
 2
 Goller fails to show clear error. The court weighed the evidence presented and is entitled to deference on its credibility determination. See United States v. Kaufman, 862 F.2d 236, 238 (9th Cir.1988) (credibility of witnesses not reviewable on appeal).[1] Although the police records he relies on illustrate the witness's inability to remember precise dates, that is not enough to undermine the court's findings. Also, the records relate to August purchases of cocaine and hence fail to address the June and July purchases which are at issue here.
 
 II.
 
 3
 Goller next contends that the court erred when it declined to exclude testimony of one witness on the ground that the government violated a local discovery rule. Local Rule CrR 48(b). He maintains that the government's failure to disclose the witness's projected testimony was prejudicial to him because it prevented him from developing rebuttal evidence. We review for abuse of discretion the court's decision whether to impose sanctions for alleged violations of discovery rules. See United States v. Schwartz, 857 F.2d 655, 657 (9th Cir.1988). There may have been an abuse of discretion if admission of prior undisclosed evidence prejudiced the defendant. See United States v. Gee, 695 F.2d 1165, 1167 (9th Cir.1983).
 
 
 4
 Goller has failed to show prejudice. Earlier access to witness Garza's projected testimony would not have led him to rebuttal evidence. She first referenced her July trip to Texas during cross examination, so timely access to her projected testimony would not have revealed the trip. Moreover, her admission that she could not recall the exact dates of the June and July cocaine sales to Goller undermined the usefulness of presenting his time cards.
 
 
 5
 Even if the court erred, that error was harmless. See United States v. Bailleaux, 685 F.2d 1105, 1115 (9th Cir.1982) ("reversal of conviction is warranted upon a showing of nonconstitutional error only if it is more probable than not that the error materially affected the verdict").[2] The witness's testimony would not have materially affected the verdict because it was merely cumulative of Goller's testimony that he had distributed cocaine before he met the informant.
 
 III.
 
 6
 Goller maintains that the court committed reversible error when it failed to order the disclosure of all of the information he requested about a government informant. We review de novo the district court's ruling on the government's duty to produce evidence under Brady. United States v. Monroe, 943 F.2d 1007, 1012 (9th Cir.1991).
 
 
 7
 The cases that Goller cites in support of his Due Process argument are misplaced. Those cases stand for the proposition that the withholding of impeachment evidence on a key witness violates the Brady doctrine. See United States v. Endicott, 869 F.2d 452, 455-56 (9th Cir.1989); Bagley v. Lumpkin, 798 F.2d 1297, 1302 (9th Cir.1986). But here the government provided impeachment evidence on the informant: the compensation he received for work on Goller's case and notes taken in connection with the investigation of Goller.
 
 
 8
 Moreover, the information sought by Goller does not qualify as Brady impeachment information because it is not sufficiently material. See Bagley, 798 F.2d at 1300. To be material under Brady, there must be a reasonable probability that the information would make the difference between conviction and acquittal if disclosed and used effectively. Id. A record of the informant's entire compensation history fails this test. The court's ruling did not deny Goller Due Process.[3]
 
 
 9
 His ineffective assistance of counsel argument is also meritless. The government gave Goller what it believed to be the informant's correct name. And the informant's address was obviously known to Goller because he twice delivered cocaine to the informant's apartment. Furthermore, he could have obtained all of this information at trial, but failed to do so.
 
 IV.
 
 10
 Goller argues that the court committed reversible error when it declined to give his proposed jury instruction on entrapment. The instruction given was legally inadequate. See Jacobson v. United States, 112 S.Ct. 1535, 1540 (1992) (where defense of entrapment is at issue the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to being approached by government agents); United States v. Mkhsian, 5 F.3d 1306, 1311 (9th Cir.1993) (conviction reversed because jury instruction on entrapment failed to reflect a recent change in that law). But any error was harmless.
 
 
 11
 For an erroneous jury instruction to constitute harmless error, it must be harmless beyond a reasonable doubt. United States v. Rubio-Villareal, 967 F.2d 294, 296 n. 3 (9th Cir.1992). Because Goller repeatedly testified that he had distributed cocaine before he met the government informant, he was not entitled to any jury instruction on entrapment. His own testimony defeats his defense beyond a reasonable doubt because he could not show that he was not predisposed to distribute before meeting the government informant. The error was harmless.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court was not required to credit the statements made in an affidavit over the testimony of the trial witness
 
 
 [2]
 Goller argues that the error was of constitutional magnitude, citing to Wardius v. Oregon, 412 U.S. 470, 473-76 (1973). His reliance on this case is misplaced. Wardius involved a facial challenge to a statute that provided for no reciprocal discovery. Id. at 474-75. The local rule here does provide for reciprocal discovery and Goller received it. Wardius does not address the relevant prejudicial analysis that applies to the admission of evidence that was not timely disclosed
 
 
 [3]
 By implication Goller's confrontation argument fails because it rests on his asserted right to obtain immaterial impeachment evidence, which he could have developed by questioning at trial