UNITED STATES

v.

**Airman Basic Bradley A. CLINK-ENBEARD, II, FR428–13–9755, United States Air Force.**

ACM S29033.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 13 Jan. 1995.

Decided 24 May 1996.

Colonel Jay L. Cohen and Captain Harold M. Vaught, Appellate Counsel for Appellant.

Colonel Jeffery T. Infelise and Colonel Thomas E. Schlegel, Appellate Counsel for United States.

Before PEARSON, SCHREIER, and MORGAN, Appellate Military Judges.

OPINION OF THE COURT

MORGAN, Judge:

Appellant was convicted by a special court-martial, on mixed pleas, of carnal knowledge, two instances of failure to go, sodomy with a minor, disobedience of an order, and three motor vehicle offenses. He was sentenced to a bad-conduct discharge, confinement for 4 months, and forfeiture of $100 per month for four months. On appeal, appellant assigns two errors, one of which has merit and will be discussed in greater length below.

Despite their manifest triviality, appellant was charged under the Federal Assimilated Crimes Act, 18 U.S.C. § 13 (FACA), as it is incorporated in clause 3 of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, with three traffic violations under Washington state law: operating a motor vehicle without liability insurance; operating a motor vehicle without having a proper vehicle license; and operating a motor vehicle without having a certificate of license registration. WASH.REV.CODE §§ 46.30.020, 46.16.010, 46.16.260, respectively. These were all pursuant to a traffic stop on McChord Air Force Base (AFB), Washington, on November 5, 1994. Before pleas, appellant moved to dismiss these specifications, arguing that the FACA did not assimi-

late non-criminal offenses. The military judge ruled otherwise, and accepted appellant's conditional plea of guilty to those offenses.

■ Beginning in 1981, the State of Washington decriminalized much of its motor vehicle traffic code, including all three provisions of which appellant was charged. The State legislature stated its intent as follows:

> It is the legislative intent in the adoption of this chapter in (sic) decriminalizing certain traffic offenses to promote the public safety and welfare on public highways and to facilitate the implementation of a uniform and expeditious system for the disposition of traffic infractions.

WASH.REV.CODE § 46.63.010. To ensure there is no mistake about this, WASH.REV.CODE § 46.63.020 declares that, with certain exceptions not here relevant, violation of a traffic law "is designated as a traffic infraction and may not be classified as a criminal offense...." Left standing, appellant's conviction for these three offenses would give him a criminal conviction arising out of delicts which the relevant State expressly intended to be non-criminal.

In *United States v. Carlson*, 900 F.2d 1346 (9th Cir.1990), the Ninth Circuit Court of Appeals, which exercises federal appellate jurisdiction over actions arising in Washington, ruled that the FACA could not be used to convict a civilian of speeding on a military installation in Hawaii, where Hawaii had also decriminalized its traffic code. Four years later, the Navy–Marine Corps Court of Military Review, now the Navy–Marine Corps Court of Criminal Appeals, rejected *Carlson* in *United States v. White*, 39 M.J. 796 (N.M.C.M.R.1994). Since both dealt with Hawaii's decriminalized traffic statutes, the Navy–Marine Corps Court of Criminal Appeals wasted little effort distinguishing *Carlson*, concluding instead that the Ninth Circuit was simply wrong, and that, in any event, its precedent was not binding on military criminal jurisprudence. The Navy-Marine Corps Court of Criminal Appeals correctly pointed out that the FACA nowhere expressly limits its coverage to "crimes" (notwithstanding its popular name), but refers to "any act or omission ... made punishable." *See* 18 U.S.C. § 13(a). Without gainsaying our brethren Court's analysis, we think a different result is required here.

It is clear that the Department of Defense and the Congress of the United States have each adopted the view that a State's decriminalization of traffic offenses affects the applicability of the FACA. In support of this conclusion we note that in 1988, Congress amended the FACA by adding subsection (b), which states in pertinent part: "for purposes of subsection (a) of this section, that which may or shall be imposed through judicial or administrative action under the law of a State, territory, possession, or district, for a conviction for operating a motor vehicle under the influence of a drug or alcohol, shall be considered to be a punishment provided by law." The common sense reading of this addition is an expression of a specific congressional intent to ensure assimilation of DUI offenses, *notwithstanding* any decriminalization by a State. Under the statutory rule of construction, *expressio unis est exclusio alterius*,[1] we might rest our analysis there. But reinforcement of this conclusion is contained in 32 C.F.R. 634.25, the federal regulation governing motor vehicle traffic supervision on military installations located in the United States.[2] That regulation provides as follows:

> (e) In States where traffic law violations are State criminal offenses, such laws are made applicable under the provisions of 18 U.S.C. 13 to military installations having concurrent or exclusive federal jurisdiction.

> (f) In those States where violations of traffic laws are not considered criminal offenses and cannot be assimilated under 18 USC, DODD 5525.4, in appendix C to part 634 expressly adopts the vehicular and pedestrian traffic laws of such States and makes these laws applicable to military

---

1. "That which is expressed specifically, acts to exclude others."

2. This has been recodified for each of the services. *See* AR 190–5, AFR 125–14, OPNAVINST 11200.5B, MCO 5110.1B, DSAR 5720.1, 8 July 1988.

installations having concurrent or exclusive Federal jurisdiction.... Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine of not more than $50.00 or imprisonment for not more than 30 days, or both, for each violation (40 U.S.C. 318c). In those States where traffic laws cannot be assimilated, an extract copy of this paragraph and a copy of DODD 5525.4 in Appendix C, will be posted in a prominent place accessible to persons assigned, living, or working on the installation.

Thus, whether or not a careful analysis of the FACA *mandated* the result reached by the Ninth Circuit, it is clear that the Department of Defense has decided as a matter of policy that a State's legislative judgment to decriminalize traffic offenses will be respected, and that military violators will be put on the same footing as their civilian counterparts. In furtherance of that policy, the Department has provided a mechanism to ensure continued enforcement of traffic violations without unfairly penalizing violators caught on military installations with concurrent or exclusive federal jurisdiction.

This result also squares with the MANUAL FOR COURTS-MARTIAL, UNITED STATES, Part IV, ¶ 60c.(4)(c)(ii) (1984) when it explains that the FACA "is an adoption by Congress of state *criminal* laws for areas of exclusive or concurrent federal jurisdiction, ... This is possible because the Act adopts the *criminal* law of the state wherein the military installation is located and applies it as though it were federal law." (Emphasis added.) *See also United States v. Wright,* 5 M.J. 106, 111 (C.M.A.1978) (citing *United States v. Sharpnack,* 355 U.S. 286, 78 S.Ct. 291, 2 L.Ed.2d 282 (1958) (FACA intended to fill voids in criminal law applicable to federal enclaves)).

■ A final consideration augurs for the result reached here. The record of trial reveals that civilian traffic offenders on McChord AFB were prosecuted at federal magistrate's court, not under the FACA, but, as one might expect, under 32 C.F.R. 210. Neither equity nor justice requires that an airman be exposed not merely to a criminal penalty, but to a federal conviction, for a traffic offense for which a similarly-situated civilian faces no more than a $50 fine without any criminal overtones.

■ Appellant's remaining assignment of error, that the military judge erred in failing to grant a requested challenge for cause, is without merit. We review such decisions on an abuse of discretion standard. *United States v. McLaren,* 38 M.J. 112, 118 (C.M.A. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1056, 127 L.Ed.2d 377 (1994). On that basis we find no reason to upset the military judge's determination that Lieutenant Colonel Bellacicco was able to put aside his personal knowledge of a prosecution sentencing witness, as he promised he would do.

Charge III and the three specifications thereunder are dismissed with prejudice. Given the comparatively minor impact of these traffic offenses on appellant's case, we are confident that we can reassess the sentence. *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990). Accordingly, we approve only so much of the sentence as extends to a bad-conduct discharge, and confinement for four months. The remaining findings are correct in law and in fact, the sentence as reassessed is appropriate, and the same are hereby

AFFIRMED.

Senior Judges PEARSON and SCHREIER concurring.