# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1357

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Rupert T. Doyle, | * | [PUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 12, 2000
Filed: January 26, 2001

_____

Before WOLLMAN, Chief Judge, LAY, and BRIGHT, Circuit Judges.

_____

PER CURIAM.

Following a grand jury indictment, Rupert T. Doyle conditionally pleaded guilty to the assimilated, felony offense of driving while intoxicated on January 22, 1999 while within an exclusive federal jurisdiction area on Whiteman Air Force Base, Missouri, in violation of the Assimilative Crimes Act, see 18 U.S.C. § 13(a), and Mo. Rev. Stat. §§ 577.010 and 577.023. The assimilated crime charged against Doyle came under provisions of Missouri law which enhance penalties for driving-while-intoxicated offenses for those who are persistent offenders. A persistent offender is one who has been found guilty of two or more intoxication-related traffic offenses where such offenses occurred within ten years of the charged offense. See Mo. Rev. Stat. §

577.023.1(2)(a).  Following his conditional guilty plea, the district court[1] sentenced Doyle to three years' probation and ordered him to pay a statutory assessment of $100.

Doyle appeals, raising the following issues:   (1) whether the district court erred in concluding that Doyle qualifies for sentencing under 18 U.S.C. § 13, which assimilates Missouri law prohibiting driving while intoxicated; (2) whether the district court erred in upholding Doyle's conviction when, according to Doyle, Whiteman Air Force Base did not post its installation traffic code as required by 40 U.S.C. § 318a; and (3) whether the district court erred in considering a previous offense in determining him to be a "persistent offender" when his guilty plea in state court on a second offense came after the instant offense.  We reject Doyle's arguments and affirm.

I.     BACKGROUND

On January 29, 1999, Doyle was arrested after police officers observed him attempting to drive while intoxicated upon leaving a convenience store where he had purchased alcoholic beverages at Whiteman Air Force Base.

A grand jury indicted Doyle on the count of operating a vehicle while in an intoxicated condition in an area under exclusive federal jurisdiction, and prior to and within ten years of this offense, pleading guilty on July 8, 1992 to the offense of driving while intoxicated for events occurring on February 1, 1992 and committing the offense of driving while intoxicated on September 18, 1998, to which he pleaded guilty on February 15, 1999, in violation of 18 U.S.C. § 13(a).

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

Following the denial of his motions to dismiss the indictment, Doyle entered a conditional plea of guilty to the indictment. The district court sentenced Doyle to a term of probation of three years and ordered him to pay a statutory assessment of $100.

## II.    DISCUSSION

The Assimilative Crimes Act (ACA) provides:

> (a)  Whoever within [a federal enclave] . . . is guilty of any act . . . which, although not made punishable by any enactment of Congress, would be punishable if committed . . . within the jurisdiction of the State, . . . in which such place is situated, by the laws thereof in force at the time of such act . . . shall be guilty of a like offense and subject to a like punishment.

> (b) . . . [F]or purposes of subsection (a) . . . that which may or shall be imposed through judicial . . . action under the law of a State, . . . for a conviction for operating a motor vehicle under the influence of a drug or alcohol, shall be considered to be a punishment provided by that law.

18 U.S.C. § 13.

For reversal, Doyle first argues that the ACA does not apply and that federal statutes already make his intoxication-related conduct unlawful and set forth lesser misdemeanor penalties of a maximum fine of $50 and a maximum term of imprisonment of thirty days. However, the penalties set forth in the statute asserted by Doyle, 40 U.S.C. § 318c, apply to those non-criminal traffic offenses which are adopted as the rules for the specific installation, not state traffic offenses that are criminal.

"Driving while intoxicated" for which Doyle was convicted is considered a state criminal offense. See Mo. Rev. Stat. § 577.010.2 (driving while intoxicated is a class B misdemeanor). The third conviction is a felony. See Mo. Rev. Stat. § 577.023.3.

The site of Doyle's criminal conduct at Whiteman Air Force Base was within an area of exclusive federal jurisdiction. Whiteman Air Force Base is a United States military installation, controlled exclusively by the Department of the Air Force and the Department of Defense. The district court correctly concluded that United States v. Boyer, 935 F. Supp. 1138, 1141 (D. Colo. 1996), is applicable (pointing out that the Secretary of Defense has adopted a policy for traffic and pedestrian control on all military installations in the United States that provides: (1) all state traffic offenses that are criminal shall be assimilated through the ACA; and (2) all non-criminal traffic offenses shall be adopted as the rules for traffic and pedestrian control for the specific installation and be subject to the penalty set forth in 40 U.S.C. § 318c).

Under the circumstances here, Missouri law can be assimilated in charging Doyle for driving while intoxicated and being a persistent offender. See United States v. Palmer, 956 F.2d 189, 191 (9th Cir. 1992) (affirming that the ACA applies if state law assimilated to increase the punishment for an act proscribed by federal penal law). The ACA instructs federal courts to refer to state statutes for crimes committed on federal property to fill gaps in the federal criminal law that applies on federal enclaves. See Lewis v. United States, 523 U.S. 155, 160 (1998).

The Tenth Circuit addressed a virtually identical issue in United States v. Adams, 140 F.3d 895 (10th Cir. 1998). In Adams, the defendant was issued a citation for driving on a revoked or suspended license and driving while under the influence on an air force base in New Mexico. At sentencing, the defendant argued he could not be given the state sentence under the ACA because he alleged the ACA can only apply when there is no federal law. The court disagreed with the defendant's contention that he should have been sentenced under 32 C.F.R. § 210.3(d), a Department of Defense regulation that applies state traffic laws to military installations but provides a maximum punishment of thirty days in jail and a $50 fine, rather than under applicable state law through the ACA. The Adams court noted that the traffic offenses of which the defendant was convicted are criminal in nature and affirmed the sentence permitted

-4-

under state law of 300 days in jail followed by two years' probation and fines of $1050. Adams, 140 F.3d at 897-98. Similarly, Doyle's traffic offense of which he was convicted is criminal in nature, therefore, the state sentence can be assimilated under the ACA.

Doyle's second argument is that the district court erred in upholding his conviction when, according to Doyle, Whiteman Air Force Base did not post its installation traffic code as required by 40 U.S.C. § 318(a). It is only where a military installation attempts to criminalize traffic offenses which are not crimes under state law that publication or "posting" of the regulation concerned is required. See, e.g., Boyer, 935 F. Supp. at 1141-42 (explaining that posting is required only for non-criminal, non-assimilated offenses). Driving while intoxicated is a criminal offense under Missouri law. Therefore, the district court did not err in concluding that it is irrelevant here whether or not the installation traffic code was posted.

Finally, Doyle contends that he is not a persistent offender because the judicial processing in one of his two previous offenses had not been completed by the time of the present charge. Contrary to Doyle's argument, the district court did not commit error in finding that Doyle met the definition of a persistent offender under Mo. Rev. Stat. § 577.023.1(2)(a), thus subjecting him to a felony driving-while-intoxicated charge.

That statute states that a persistent offender is: "[a] person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, *where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged.*" Mo. Rev. Stat. § 577.023.1(2)(a) (emphasis added).

Here, Doyle pleaded guilty to two intoxication-related offenses (a July 8, 1992 guilty plea for events occurring on February 1, 1992 and a February 15, 1999 guilty

plea for events occurring on September 18, 1998), and these offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which Doyle is charged here (January 22, 1999). The district court correctly noted that "[t]he language of the statute does not require the completion of judicial processing of prior offenses before such prior crimes can be used to enhance the punitive exposure for a third offense." R. at 40.

Our reading of the statute is further confirmed by the statutory history. In 1993, the statute was amended to replace "committed at different times" with "where such two or more offenses occurred" as sufficient to trigger the punitive exposure for the third offense. See Mo. Ann. Stat. § 577.023.1(2) (West 1993) (current version at Mo. Rev. Stat. § 577.023.1(2)(a) (2000)).

III.    CONCLUSION

Because assimilation of Missouri state law was proper and Doyle qualified as a persistent offender, we affirm the judgment and sentence of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.