# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1061

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| William Glenn Billadeau, | * | District of North Dakota. |
| | * | |
| Appellee. | * | |

_____

Submitted: October 18, 2001
Filed: December 26, 2001

_____

Before HANSEN, FAGG, and BEAM, Circuit Judges.

_____

HANSEN, Circuit Judge.

The government appeals the district court's dismissal of an indictment against William Glenn Billadeau. For the reasons discussed below, we reverse the judgment of the district court, and we remand for reinstatement of the indictment.

Billadeau was charged with forcibly resisting, opposing, impeding, and interfering with a federal officer engaged in the performance of his official duties, in violation of 18 U.S.C. § 111. The indictment alleged that Billadeau "fled in a motor vehicle after Bureau of Indian Affairs [(BIA)] Police Officer Jeff White stopped the vehicle within the exterior boundaries of the Fort Berthold Indian Reservation, upon

suspicion that the driver was under the influence of an intoxicating substance and speeding." Billadeau, a non-Indian, was driving on a state highway within the reservation. Officer White observed that Billadeau's driving was erratic, and that at least one oncoming vehicle had to move out of his way to avoid a collision. Officer White followed Billadeau in his patrol car and signaled him to stop, which he did. When Officer White approached, Billadeau asked whether he had been cross-deputized by the county sheriff, to which Officer White responded in the negative. Billadeau then advised him that the sheriff could find him at his home, and drove away. Officer White pursued Billadeau to his home, which is also within the reservation, where he arrested him for interfering with a federal officer engaged in the performance of his official duties.

The district court granted Billadeau's motion to dismiss the indictment, concluding that a non-Indian's commission of traffic offenses on Indian land was punishable only under state law, which Officer White lacked authority to enforce. Billadeau's conduct after being stopped was not a violation of section 111, the court reasoned, because Officer White was not engaged in the performance of his official duties when he stopped Billadeau.

On appeal, the government argues that the district court erred in dismissing the indictment. Having reviewed the dismissal de novo, see United States v. Ferro, 252 F.3d 964, 966 (8th Cir. 2001), we agree.

A BIA officer has a statutory duty to arrest a suspect who commits an offense in Indian country in the officer's presence. See 25 U.S.C. § 2803(3)(A). The General Crimes Act, 18 U.S.C. § 1152, creates federal jurisdiction over crimes committed by non-Indians against Indians in Indian country. It incorporates the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, which provides that when conduct which would violate state law occurs on federal land, the relevant state law is assimilated into

federal law unless there is already applicable federal law.  See United States v. Ashley, 255 F.3d 907, 909 n.3 (8th Cir. 2001).

It is the law of this Circuit that the actions referenced in the indictment, drunk driving[1] and speeding on an Indian reservation, are assimilated.  See United States v. Thunder Hawk, 127 F.3d 705, 707-09 (8th Cir. 1997) (South Dakota offense of driving under influence, when committed on federal land (Indian reservation), is assimilated under ACA); United States v. McMillan, 820 F.2d 251, 254 (8th Cir.) (South Dakota offenses of driving while intoxicated, failing to stop at intersections, and driving in excess of speed limit, when committed on federal land (Indian reservation), are assimilated under ACA), cert. denied, 484 U.S. 898 (1987); see also United States v. Doyle, 237 F.3d 950, 952 (8th Cir. 2001) (Missouri offense of driving while intoxicated, when committed on federal land (military base), is assimilated under ACA).  Officer White was therefore engaged in the performance of his official duties of enforcing federal law when he stopped Billadeau.

Accordingly, we reverse the judgment of the district court, and we remand for reinstatement of the indictment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]Indeed, the ACA expressly applies to "a conviction for operating a motor vehicle under the influence of a drug or alcohol."  See 18 U.S.C. § 13(b)(1).  This subsection was added by the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, § 6477(a)(2), 102 Stat. 4181 (1988).

-3-