UNITED STATES of America, Plaintiff—Appellee,

v.

Kevin Mark PHILLIPS, Defendant—Appellant.

No. 08–50132.

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 2009.*

Filed May 4, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Joseph N. Akrotirianakis, Esquire, Office of the U.S. Attorney, Riverside, CA, Michael J. Raphael, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Moina C. Shiv, Esquire, Federal Public Defender's Office, Riverside, CA, Kathryn Ann Young, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Kevin Mark Phillips appeals his 120–month sentence for possession of child pornography. *See* 18 U.S.C. § 2252A(a)(5)(B). We affirm, but remand for correction of the written judgment.

(1) Phillips first asserts that the district court erred in making a five-level adjustment for "[d]istribution for the receipt, or expectation of receipt, of a thing of value," to his Guideline offense level. USSG § 2G2.2(b)(3)(B).[1] He asserts that his offense was not within that provision. We disagree.

Initially, Phillips claims that the facts had to be proved by clear and convincing evidence. While we are dubious about that proposition,[2] the government agrees

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. All references to the Sentencing Guidelines are to the version effective November 1, 2007.

2. We note, as did the district court, that there can be no doubt that Phillips did distribute child pornography and that required a two-level adjustment, even if he did not trade in it. *See* USSG § 2G2.2(b)(3)(F). Thus, the trading factor itself resulted in no more than a three-level adjustment. *See United States v.*

with that standard. At any rate, he does not controvert the evidence that he told agents that he sent and received child pornography and, indeed, that "he would trade" with other individuals over the internet. Thus, regardless of the standard of review, the government's burden of persuasion was met. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1163 (9th Cir.2000).

■ Moreover, the district court did not err when it determined that trading child pornography for child pornography was "distribution" for a "thing of value" within the meaning of the Guidelines. *See* USSG § 2G2.2(b)(3)(B); *United States v. Laney*, 189 F.3d 954, 961–62 (9th Cir.1999); *see also United States v. Williams*, 253 F.3d 789, 795–96 (4th Cir.2001). In fact, it is difficult to ascribe any other meaning to "trading" in this context.

(2) Next, Phillips argues that the district court imposed an unreasonable sentence upon him. We have reviewed the record, and disagree. The district court made neither a procedural nor a substantive error. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Simply put, the district court calculated the Guideline range, recognized that it was not mandatory, and carefully considered the factors set forth in 18 U.S.C. § 3553(a) before it imposed a sentence that did not exceed the Guideline range. Phillips asserts that the nature of the Guideline in question may itself justify a variance from its provisions. *Cf. Kimbrough v. United States*, 552 U.S. 85, ——, 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007) (discussing crack cocaine guidelines). Whether it would or not, Phillips did not ask for a variance on that basis, and the district court did not err, much less plainly err, by

*Staten*, 466 F.3d 708, 717–18 (9th Cir.2006); *United States v. Jordan*, 256 F.3d 922, 927–28

not granting one. *See United States v. Rearden*, 349 F.3d 608, 614 (9th Cir.2003).

■ (3) Phillips then complains about the conditions of supervised release imposed upon him. He did not object to most of them at the district court. Thus, we review the imposition of those conditions for plain error. *See United States v. Daniels*, 541 F.3d 915, 927 (9th Cir.2008); *Rearden*, 349 F.3d at 618. The district court did not plainly err in restricting Phillips' use of the internet (condition 5). *See United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir.2005); *Rearden*, 349 F.3d at 620–21. Nor did it plainly err in restricting the places Phillips could live or frequent (conditions 11 and 14). *See Daniels*, 541 F.3d at 928; *Rearden*, 349 F.3d at 620; *United States v. Bee*, 162 F.3d 1232, 1235–36 (9th Cir.1998).

Phillips did object to the condition that he submit to so-called Abel testing (condition 7). However, the district court did not err in imposing that condition. *See Daniels*, 541 F.3d at 925–26; *United States v. Stoterau*, 524 F.3d 988, 1004–07 (9th Cir.2008).

■ (4) Finally, Phillips complains about the written judgment. He asserts that the district court erred when its written judgment failed to incorporate the phrase "And with such agreement" at the beginning of the second sentence of the paragraph immediately following release condition 15. We agree. The oral pronouncement of sentence did so. The difference is significant, and a written judgment must track the oral pronouncement, which controls. *See Stoterau*, 524 F.3d at 1003 n. 6; *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993); *United States v.*

(9th Cir.2001).

*Kaufman,* 862 F.2d 236, 238–39 (9th Cir. 1989) (per curiam). Thus, we remand with the instruction that the district court amend the written judgment to conform to the oral pronouncement.

However, we decline to order amendment of the judgment to include the correction as to Phillips' birth date as set out in the Presentence Report. That correction need only be appended to the Presentence Report,[3] and we will not assume that the district court failed to so append it.[4]

AFFIRMED. However we REMAND with an instruction to amend the judgment.

---

3. Fed.R.Crim.P. 32(i)(3)(C).

4. *See United States v. Cain,* 130 F.3d 381, 384 (9th Cir.1997); *see also Doganiere v. United States,* 914 F.2d 165, 169 (9th Cir.1990);

*United States v. Fernandez–Angulo,* 897 F.2d 1514, 1517 (9th Cir.1990) (en banc).

